QUESTIONS:
1. Is the residence requirement within the ward such a "qualification" contemplated within the forfeiture of office section under the following circumstances?
2. Would the fact that the councilman retained ownership of his prior residence change your answer to question 1, assuming the answer is in the affirmative?
3. Do any of the pertinent charter provisions contained in s. 28 become ordinances subject to modification or amendment by the city council under the Municipal Home Rule Powers Act?
STATEMENT OF FACTS:
Under Art. III, s. 28 of the Pensacola City Charter, the city is divided into five wards with two councilmen elected from each. Both councilmen are required to be resident qualified voters within the ward, although they are elected at large. This section further provides that any member of the city council who ceases to possess any of the qualifications specified in the section shall immediately forfeit his office. One of the councilmen currently in office wishes to move to a new residence which would be located in a different ward within the city than that from which he was elected.
SUMMARY:
Under the Pensacola City Charter, a councilman who changes his permanent legal residence to one outside of the ward from which he was elected forfeits his office. The fact that the councilman retains ownership of his prior residence does not per se change this result. A temporary change in residence does not destroy an established legal residence.
The provisions of s. 28 of the charter which require that a councilman be a resident qualified voter of his ward and that he forfeit his office if this qualification is not met become ordinances under s. 166.021(5), F.S., so that an ordinance providing that a councilman who changes his permanent legal residence from the ward from which he was elected may serve out the remainder of his term may be passed by the city council without a referendum of the electorate.
AS TO QUESTION 1:
Since Art. III, s. 28 of the city charter provides that a member of the city council who ceases to possess any of the qualifications specified in s. 28 shall immediately forfeit his office, and since s. 28 also states that each councilman must be a resident qualified voter of his ward, it appears that this residence requirement would be such a qualification as contemplated within the forfeiture of office provisions. Therefore, if a councilman changes his permanent legal residence to one outside of the ward from which he was elected, his office will be immediately forfeited. Cf., s. 114.01(4), F.S.; unnumbered attorney general opinion, Biennial Report of the Attorney General, 1937-1938, p. 72, and AGO's 072-269, 073-52, and 073-193.
AS TO QUESTION 2:
The fact that the councilman retained ownership of his prior residence would not necessarily change the answer to question 1. However, this fact might be considered as evidence tending to show that, although he had temporarily moved to a location in a different ward, the councilman in law and in fact remained a legal resident of the ward from which he was elected. Cf. AGO 073-193. This is because the word "resident" in voting and election matters has been construed to mean legal resident. See AGO 071-93. Two prerequisites must be met in order for a person to change his legal residence: the person must be actually physically present at the new location and he must intend to remain there permanently or indefinitely. Attorney General Opinion 073-269. A temporary absence together with an intent to return does not destroy an established legal residence. See Bloomfield v. City of St. Petersburg Beach, 82 So.2d 264 (Fla. 1955). As stated in AGO 073-193: "The mere intention to acquire a new domicile, unaccompanied by actual removal, or the fact that the party moved his residence without the intention to acquire a new domicile per se proves nothing." The intentions of a person changing residences as to permanence of the change is a question of law and fact which must be judicially determined. Attorney General Opinion 073-193.
AS TO QUESTION 3:
The city now wishes to amend s. 28, supra, by adding a provision which would permit a councilman who changes his legal residence from the ward from which he was elected to another ward within the city to serve out his unexpired term of office.
Under s. 166.021(4), F.S., as created by Ch. 73-129, Laws of Florida, all charter provisions which limit the power of the municipality are repealed and nullified except those which relate to
". . . the creation or existence of a municipality, the terms of elected officials and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees . . . ."
which provisions may be changed only with a referendum of the electorate. Under s. 166.021(5) "[a]ll existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality" become ordinances except for those same areas listed above. The charter provisions in question here are: a requirement that each councilman be a resident, qualified voter from the ward from which he is elected; and forfeiture of office if the above qualification is not met. These provisions do not seem to be included in any of the areas quoted above. It might be argued that they affect the terms of elected officials and the manner of their election. However, the terms of the city councilmen are not changed by the proposed amendment. "Term" relates to the office and not to the individual. The requirement that a councilman be a resident, qualified voter of his ward is a qualification for office. There is nothing in Ch. 73-129 which requires a referendum of the electorate in order to change charter provisions relating to qualifications for office. Therefore, I am of the opinion that these two charter provisions can now be changed and the proposed ordinance adopted without the necessity of a referendum of the electorate.